UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 20 CR 402 |
| v. | ) | |
| | ) | Hon. Martha M. Pacold |
| DAVID DIVIZIO, | ) | |
| DEFENDANT. | ) | |

DAVID DIVIZIO'S MOTION TO DISMISS
PURSUANT TO THE SPEEDY TRIAL ACT

NOW COMES Defendant DAVID DIVIZIO, through his counsel, JOSHUA B. ADAMS, and respectfully requests this honorable court dismiss the indictment in this case for Speedy Trial Act violations. In support of his motion, Mr. Divizio states the following.

I.      Procedural Background

On July 24, 2020, the government filed a complaint charging Mr. Divizio with bank robbery under 18 U.S.C. §2113(a). R. 1. On the same day, the complaint, arrest warrant and affidavit were unsealed. R. 3. Furthermore, on July 24, 2020, Mr. Divizio had been in custody in the Cook County Department of Corrections on an unrelated state charge.

Then, on August 8, 2023, a grand jury returned a three-count indictment charging Mr. Divizio with bank robbery. R. 41. On August 30,

1

2023, three years after the complaint had been filed in this matter, Mr. Divizio appeared for his initial appearance in federal court. R. 52.

II. Legal Analysis

    1. Speedy Trial Claims

The Supreme Court has recognized four separate inquire when analyzing a Speedy Trial claim: "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett v. U.S.*, 505 U.S. 647, 652 (1992); *quoting Barker v. Wingo*, 407 U.S. 514, 530 (1972).

The "first of these is actually a double enquiry. Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from "presumptively prejudicial" delay . . ." *Id.* If the accused makes this showing, the court must consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim. *Id.* This last factor is "significant to the speedy trial analysis because . . . the presumption that pretrial delay has prejudiced the accused intensifies over time." *Id.*

Prejudice, "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past. Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown." *Barker v. Wingo*, 407 U.S. 514, 532 (1972). With these principles in mind, we turn to Mr. Chavez's claim of a Speedy Trial violation.

2. This Honorable Court should dismiss the indictment based on the *Barker v. Wingo* factors

A. The delay here was uncommonly long.

Although the complaint and arrest warrant were both issued on July 24, 2020, Mr. Divizio did not appear for his initial appearance for over three years, until August 2023. A "delay *approaching* one year is presumptively prejudicial." *United States v. Arceo*, 535 F.3d 679, 684 (7th Cir. 2008) (citing *United States v. Oriedo*, 498 F.3d 593, 597 (7th Cir. 2007)).

3

B.      The reason for the delay rests with the government

"Different weights should be given to different reasons for delay: 'a deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence . . . should be weighted less heavily.'" *Arceo*, 535 F.3d at 597; citing *Barker*, 407 U.S. at 531.

There is no indication, nor does Mr. Divizio argue the delay here is from an attempt to delay or hamper the defense. On the contrary. The delay here appears administrative. Mr. Divizio's whereabouts were known to law enforcement. He was, after all, in state custody in Cook County. Moreover, the complaint, affidavit and arrest warrant were all unsealed on July 24, 2020. Moreover,

However, no further action appears on the docket with respect to Mr. Divizio. Agents simply did not arrest him. The government did not seek a writ bringing Mr. Divizio to  federal court until August 15, 2023, after the grand jury returned the indictment. *See* R. 47.

Therefore, it appears that Mr. Divizio never received notice of his charges against him for three years. This is simply a matter of administrative delay, but still a delay nevertheless. For whatever the reason, Mr. Divizio's indictment must  be dismissed for this three-year delay in time.

Undersigned counsel has no information at this stage in the case whether agents attempted to locate Mr. Divizio in the Cook County Department of Corrections, or if he had been served a copy of his complaint while in state custody. It appears agents entered the arrest warrant into NCIC

### C. Mr. Divizio never had occasion to assert his speedy trial rights

This factor weighs in favor of Mr. Divizio. " [I]f defendant knew of his indictment for years before he was arrested, the third factor "would be weighed heavily against him," but where he was not aware of the indictment prior to his arrest, he "is not to be taxed for invoking his speedy trial right only after his arrest." *Arceo*, 535 F.3d at 686; citing *Doggett*, 505 U.S. at 653-54.

Again, there is no evidence Mr. Divizio ever knew about the July 2020 Complaint to assert his speedy trial rights. Unlike *Arceo*, Mr. Divizio never used an alias or fled the country to avoid prosecution. As stated above, law enforcement knew Mr. Divizio's exact location, he was not going anywhere.

### D. Mr. Divizio is prejudiced from the almost three-year delay

"Proof of particular prejudice is not necessary in every case; in some cases of excessive delay prejudice may be presumed. *Id.* at 655–56, 112 S.Ct. 2686; *Oriedo,* 498 F.3d at 600. Yet this presumed prejudice is not sufficient to carry a speedy trial claim "absent a strong showing on the other *Barker* factors." *Arceo*, 535 F.3d at 687; *Oriedo*, 498 F.3d at 600.

The "inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past." *Barker* 407 U.S. at 532. Here, who knows the evidence that could be lost to time because of this delay. There are possible security cameras, blue light camera, Ring doorbell video, witnesses who have died or physical evidence such as employment records that could have disappeared with the passage of the years. Dismissal is the only remedy.

Lastly, Mr. Divizio leaves the court with the words in *Barker v.*

*Wingo*

> The amorphous quality of the right also leads to the unsatisfactorily severe remedy of dismissal of the indictment when the right has been deprived. This is indeed a serious consequence because it means that a defendant who may be guilty of a serious crime will go free, without having been tried. Such a remedy is more serious than an exclusionary rule or a reversal for a new trial, but it is the only possible remedy.

407 U.S. at 522. Here, the only remedy is dismissal. While the government did not act in bad faith, it took the government three years to bring Mr. Divizio from Cook County jail to the federal courthouse downtown. As the Seventh Circuit has found, even a year is presumptively prejudicial. Therefore, Mr. Divizio

6

respectfully requests this honorable court dismiss the charges in

this case.

      WHEREFORE, defendant David Divizio respectfully requests that this

Honorable Court grant this motion, and dismiss the indictment filed on

August 8, 2023.

                                                                   Respectfully submitted,

                                                                   s/Joshua B. Adams
                                                                   Joshua B. Adams
                                                                   Counsel for David Divizio

LAW OFFICES OF JOSHUA B. ADAMS, P.C.
Joshua B. Adams
900 W. Jackson Blvd., Suite 7 E
Chicago, IL 60607
(312) 566-9173